PEOPLE ex rel. WALSH v. BRADY.

(Supreme Court, Appellate Division, First Department.   February 9, 1900.)

1. MUNICIPAL OFFICERS—REMOVAL—REVIEW.

Charges against an inspector of buildings, that he had demanded money to influence his official actions, and that he had been intoxicated while on duty, and had assaulted the informer, being substantial, and the officer having been given opportunity to explain, the sufficiency of the explanation rested entirely with the removing officer, and his action will not be disturbed on appeal.

2. SAME—GROUNDS.

The office of inspector of buildings being an important one, the commissioner is justified in removing from such office one who entered a saloon, and committed an assault on a person inside.

Certiorari on the relation of Thomas C. Walsh to review proceedings before Thomas J. Brady, commissioner of buildings, removing the relator from the office of inspector of buildings.   Proceedings affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Abraham S. Gilbert, for appellant.

Eugene Otterbourg, for respondent.

McLAUGHLIN, J.   The relator was an inspector of buildings in the department of buildings in the city of New York.   On the 3d of January, 1899, he was by the commissioner of buildings removed from his position upon charges made, and after he had been given an opportunity of making an explanation of the same.   The charges against the relator were made by one Brandt, in the form of an affidavit, and were to the effect, among other things, that the relator had demanded money to influence his action as an inspector of buildings; that he had been intoxicated while on duty, and had assaulted Brandt in a saloon on the corner of 131st street and Amsterdam avenue.   The relator was notified of the charges made against him, and he was given an opportunity to explain them. When charges have a real basis or foundation, are made in good faith, and not as a mere pretext for removal, and they are of a substantial nature, showing some neglect of duty on the part of the officer, or something which materially affects his official acts, or his standing and character, and the officer is given an opportunity to explain away the charges, which explanation is received and acted upon in good faith, then the sufficiency of the proof and the propriety of the removal, under the statute, rest entirely with the removing officer.   People v. La Grange, 2 App. Div. 444, 37 N. Y. Supp. 991.   The charges here made against the relator were of a substantial character.   The explanation given by him was not satisfactory to the commissioner, and we do not see how it could have been satisfactory, even upon the admission of the relator himself as to one of the charges at least.   In explaining this charge, he testified:

"Then, on the 24th of September,—not the 28th, as he states,—on Saturday, about six o'clock in the afternoon, and after I had been home and changed my

uniform, I started to go to 119th street to call on my boy, who is working for Mr. Walsh. I got interested in my newspaper, and went by, and as I was near my district I thought I would go over it. I met Mr. Mulrooney, who was building on the south side of 131st street, * * * and we went into a saloon near by. Whether this man Brandt was there then or came in afterwards I do not know. I heard the voice, and saw he was sitting down at a table. He asked me to have a drink, and I said, 'No, I did not want it.' He says, 'Well, I guess $5 is what you want.' I said, 'No, I don't;' and then he called me a vile name. * * * I asked him if he was in earnest. He said, 'Yes.' Then I said to him, 'You stand up, and give me a chance to knock you off your legs; no man can call me that.' .* * * He stood up, and I struck him, and he picked up a glass and hit me, cutting my forehead, and then he ran out of the door. * * * I deny demanding defendant's money. Deny that I was in that saloon on September 28th, but I cannot deny that I struck him. I would do it again if he called me such a name, but, as I said then, I was not in uniform."

The relator was then asked, "You admit the truth of the occurrence?" and he answered, "Yes."

The department of buildings of the city of New York is an important one, and the office of inspector of buildings is an important office. The commissioner of buildings is entitled to and should have, as his subordinates, men of good character and standing in the community, and upon whom he can thoroughly rely in the discharge of their duties. One who enters a saloon, and commits an assault, does not possess that character which entitled him to be retained in the position from which the commissioner removed him. The explanation offered by the relator was for the commissioner, and, if not satisfactory to him, he was justified in removing the relator.

It follows that the proceedings should be affirmed, and the writ dismissed, with $50 costs and disbursements. All concur; BARRETT, J., in result.

BARRETT, J. I am not prepared to say that a man who resents, as the relator did, the gross insult which was put upon him, does not possess that "degree of character which entitled him to be retained in the position from which he was removed." I concur, however, in the result, for the reason that the charges were substantial, that the relator was given an opportunity for explanation, that the sufficiency of his explanation was for the commissioner, and that, upon the whole, though the case is a close one, the latter's judgment upon it was not so unreasonable as to justify judicial interference. We cannot say that the explanation was so complete and conclusive that a fair man, acting in good faith, was bound to be satisfied with it.